UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Susan Bryan,	Case No. 3:12-cv-02606

    Plaintiff

v.	MEMORANDUM
	OPINION & ORDER

Deloitte Tax LLP, et al.,

    Defendants

This matter is before me on Defendant Deloitte Tax LLP's motion to dismiss Counts Eleven and Twelve of the Third Amended Complaint.  Also before me is Deloitte and Touche LLP and James Redmond's motion to dismiss the third amended complaint against them in its entirety. Plaintiff's response to these motions is also before me as is the Defendants' reply.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

In her opposition, Plaintiff voluntarily dismisses Count Twelve in its entirety.  Plaintiff also dismisses the claim stated in Count Eleven as against Defendant Redmond alone.  As all the claims against Defendant Redmond are dismissed he is also dismissed from this litigation.  What remains for purposes of this discussion are the claims in Count Eleven as against Defendants Deloitte Tax, LLP ("Deloitte Tax")  and Deloitte & Touche, LLP ("Deloitte & Touche").

### APPLICABLE LEGAL STANDARDS

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Courts must accept as true all of the factual allegations contained in

the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to rule 12(c). *Sensations, Inc.*, 526 F.3d at 295. On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving

party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). The pleadings must demonstrate sufficient factual matter, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. at 570. "A plaintiff falls short if [they] plead[] facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct. . . .'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678-80) *cert denied*, 131 S.Ct. 1047 (2011).

### DISCUSSION

Count Eleven states a claim against Deloitte Tax and Deloitte and Touche asserting tortious interference with a contract or prospective business relationship, or both. (Doc. No. 32 at p. 15). In her opposition, Plaintiff dismisses her claim of tortious interference with a contract. She does, however, oppose the Defendants' motion regarding tortious interference with a prospective business relationship.

To establish a claim of tortious interference with a prospective business relationship requires the following:

> (1) A business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom.

*Dolan v. Glouster*, 178 Ohio App.3d 617, 629 (2007) (citations omitted). As noted by the Supreme Court of Ohio, this tort generally occurs in the absence of a privilege. *A&B—Abell Elevator Co., Inc. v. Columbus/Cent. Ohio Bldg & Contr. Trades Council*, 73 Ohio St.3d 1, 14 (1995).

Here, Plaintiff alleges she was offered a position by DSW and that Defendants Deloitte Tax and Deloitte and Touche were also notified since Deloitte and Touche served as DSW's independent auditors. (Doc. No. 32 at ¶¶ 96-97). Plaintiff was previously employed by Deloitte

Tax. (*Id.* at ¶¶ 4, 14-35). The offer of employment by DSW was withdrawn following representations made by Defendants. (*Id.* at ¶ 100).

Defendants contend their communications were privileged as they were subject to the Public Company Accounting Oversight Board ("PCAOB"), which is a "nonprofit corporation established by Congress to oversee the audits of public companies in order to protect the interests of investors and to further the public interest in the preparation of informative, accurate and independent audit reports." http://pcaobus.org/Pages/default.aspx

Defendants were contacted by DSW to find out about the work performed by Plaintiff. (Doc. No. 35, Exh. A). Defendant Deloitte & Touche's response, per James Redmond, was as follows:

> I understand you provided information to Shari Coats and an explanation that the role is the number 2 tax position at DSW. Having reviewed the description in light of Deloitte & Touche's independence obligations, Deloitte & Touche has concluded that, as long as there is litigation between Susan Bryan and Deloitte Tax LLP, Deloitte & Touche's independence from DSW may be impaired. This conclusion is based, in part, on the facts, as we understand them, that Ms. Bryan would inevitably need to interact with the Deloitte & Touche audit team and that her work would be subject to review by that team.

(Doc. No. 35, Exh. B).

Even assuming the applicability of a viable privilege, the privilege can be overcome only by "a showing of actual malice, *i.e.*, knowledge of falsity or reckless disregard for the truth." *A & B—Abell Eelvator Company, Inc.*, 73 Ohio St.3d at 15.

Plaintiff's third Amended Complaint on this claim states as follows:

> 93. Plaintiff realleges paragraphs one (1) through ninety-two (92) above as if fully rewritten herein.
>
> 94. In February 2013, DSW, Inc., Columbus, Ohio, posted a job opening for a position within their tax department, Plaintiff contacted Marla Walters, DSW, Inc. Vice President, Tax, on February 12, 2013 and formally applied for the position.

4

95. On April 19, 2013, Plaintiff interviewed for the position with representatives of DSW, Inc. who indicated to her that her interview was positive.

96. After verifying Plaintiff's references, DSW, Inc. recruiter, Brooke Butler, indicated to Plaintiff on May 6, 2013 that DSW, Inc. would be extending her an offer of employment for the position that day. Ms. Butler then requested Plaintiff fill out an application for DSW, Inc., giving her a link to their website to complete the task.

97. That same day, May 6, 2013, Ms. Butler indicated to Plaintiff that DSW, Inc. had notified Defendants Deloitte Tax and Deloitte & Touche, LLP that they were extending Plaintiff a job offer since Defendant Deloitte & Touche served as DSW, Inc.'s external independent auditors. Formal terms of the offer of employment were provided to Plaintiff by Marla Walters on May 8, 2013.

98. Sometime on or about May 8, 2013, upon information after investigation, it has been determined that Defendant Deloitte & Touche, through Defendant James Redmond contacted William Jordan, legal counsel for DSW, Inc. and indicated to him that Plaintiff had a relationship with Defendants and until that relationship was terminated, they could not rely on her work. The "relationship" is the present lawsuit Plaintiff has pending in this Court.

99. Thereafter, on or about May 20, 2013, after receiving Plaintiff's proposed job duties, Defendant Redmond forwarded an e-mail from Chari Coats, inside legal counsel for both Defendants Deloitte and Deloitte & Touche, to William Jordan, and, for the second time, stated that after reviewing the job description provided to them on May 15, 2013, they believed Deloitte's independence is impaired and as such "we cannot rely on Ms. Bryan's work until the relationship is completed."

100. Because of the representations on or about May 8th and May 20, 2013 from Defendants Deloitte, Deloitte Touche, and Redmond, DSW, Inc. withdrew its offer of employment to Plaintiff.

101. In making these representations, Defendants, after the fact, through their legal counsel in this litigation, cited to Plaintiff's counsel, language from the Auditing Standard Board, the American Institute of Certified Public Accountants (AICPA), the Securities and Exchange Commission and parts of a section of the Public Company Accounting Oversight Board (PCAOB) rules and regulation, Section 101-6[1].

102. However, Defendants' citations of sections 101-6 failed to disclose and consider relevant other language contained in Section 101-6-4 of the PCAOB which states:

---

[1] Rule 101-6 of the PCAOB, entitled "Independence, Integrity, and Objectivity."

5

> Litigation not related to performance of an attest engagement for the client (whether threatened or actual) for an amount not material to the covered members firm or to the client company, would not generally be considered to affect the relationship in such a way as to impair independence. Such claims may arise, for example, out of disputes as to billing services, results of tax or management services, advice or similar matters.
>
> 103. Plaintiff's pending lawsuit is not a matter which acts, or would act, to impair the independence of Deloitte Tax, or Deloitte & Touche under any applicable laws, rules or regulations.
>
> 104. Defendants Deloitte, Deloitte & Touche, and Redmond knew or should have known that their representation to DSW, Inc. would likely result in DSW, Inc. withdrawing its offer of employment to Plaintiff.
>
> 105. Defendants, Deloitte, Deloitte & Touche, and Redmond's representations to DSW, Inc. were incomplete, misleading, inaccurate and were intended to cause harm to Plaintiff as a result of her filing a lawsuit against Defendant Deloitte Tax and Defendant Pezzetti.
>
> 106. As a result of Defendants' actions, Plaintiff has been denied the right to contract or enjoy the benefits of her business and contractual opportunity for employment with DSW, Inc., causing her monetary damages.
>
> 107. Defendants' conduct constitutes tortous interference with Plaintiff's contact and/or business or prospective business relationship with DSW, Inc.

It is my view that these allegations do not meet the plausibility standard which requires the Plaintiff plead sufficiently plausible facts to state a cause of action. Her claims that the representations were "incomplete, misleading, inaccurate and intended to cause harm to Plaintiff as a result of her filing a lawsuit against" Defendants are no more than a difference of opinion. *Compare Meadows v. Trumbull County Health Dept.*, 2013 WL 1819223 *5-6 (N.D. Ohio 2013) (content of statements was sufficient to demonstrate facts as opposed to an opinion); *MedChoice Financial, LLC v. ADS Alliance Data Systems, Inc.*, 857 F.Supp.2d 665, 673-74 (S.D. Ohio 2012) (the counterclaim alleging defamation identified the defamatory statements).

Merely stating the Defendants' representations were inaccurate, without more, are insufficient to support a claim of actual malice. Accordingly, Defendants are entitled to judgment on the pleadings.

## CONCLUSION

Therefore, Defendants' Motions for Judgment on the Pleadings and to Dismiss (Doc. No. 36) are granted.  The claims contained in Counts Eleven and Twelve are dismissed.  Defendant Redmond is dismissed as a party to all claims in the litigation.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge